


**FILED**

**MAR 21 2005**

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*United States Courthouse*
*300 Virginia Street East*
*Charleston, WV 25301*
FAX: (304) 347-5104

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*(304) 345-2200*
*1-800-659-8726*

February 8, 2005

Leonard B. Knee, Esquire
P.O. Box 1386
Charleston, WV 25325-1386

       Re: United States v. Kincaid Enterprises, Inc.

Dear Mr. Knee:

    This will confirm our conversations with regard to your client, Kincaid Enterprises, Inc. (hereinafter "defendant"). As a result of these conversations, it is agreed by and between the United States and defendant as follows:

    1. **CHARGING AGREEMENT.** Defendant is charged in a one-count information with a violation of 33 U.S.C. § 1319(c)(1)(A) (Clean Water Act), a misdemeanor.

    2. **RESOLUTION OF CHARGES.** Defendant will plead guilty to a violation of 33 U.S.C. § 1319(c)(1)(A) (Clean Water Act). Defendant will execute the appropriate resolutions authorizing said guilty plea to be entered on its behalf.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which defendant will be exposed by virtue of this guilty plea is as follows:

    (a) A term of probation of five years;

_____
KINCAID ENTERPRISES, INC.
Defendant
By: Ronald E. Kincaid
   Its: V. President

_____
LEONARD B. KNEE
Counsel for Defendant

2-18-2005
Date Signed

February 18, 2005
Date Signed

Leonard B. Knee, Esquire
February 8, 2005
Page 2                                          Re:   Kincaid Enterprises, Inc.

    (b)   A fine of $200,000 or $25,000 per day of violation, whichever is greater;

    (c)   A mandatory special assessment of $125 pursuant to 18 U.S.C. § 3013; and

    (d)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.   **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, defendant will tender a check or money order to the Clerk of the United States District Court for $125, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Defendant will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. Failure by the defendant to provide proof of payment of the special assessment prior to or at the plea proceeding will automatically void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to defendant.

    5.   **COOPERATION.** Defendant will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, defendant may have counsel present except when appearing before a grand jury.

_____                               2·18·2005
KINCAID ENTERPRISES, INC.                               Date Signed
Defendant
By: RONALD E. KINCAID
   Its: V. President

_____                               February 18 2005
LEONARD B. KNEE                                         Date Signed
Counsel for Defendant

Leonard B. Knee, Esquire
February 8, 2005
Page 3                                    Re:   Kincaid Enterprises, Inc.


6. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by defendant, nothing contained in any statement or testimony provided by defendant pursuant to this agreement, or any evidence developed therefrom, will be used against defendant, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

7. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting defendant for any violations of federal or state laws. The United States reserves the right to prosecute defendant for perjury or false statement if such a situation should occur pursuant to this agreement.

8. **APPEAL OF FINE.** The United States and defendant agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed exceeds the statutory maximum of $200,000.

9. **AGREEMENT REGARDING CONDITIONS OF PROBATION.** Kincaid Enterprises, Inc. agrees to the following terms and conditions of probation:

   (a) Kincaid Enterprises, Inc. agrees to notify the Chief Inspector, Environmental Enforcement, West Virginia Department of Environmental Protection, in writing, seven (7) days in advance of any discharge event; and

_____            2-18-2005
KINCAID ENTERPRISES, INC.                  Date Signed
Defendant
By: RONALD E. KINCAID
    Its: V. President

_____            February 18 2005
LEONARD B. KNEE                            Date Signed
Counsel for Defendant

Leonard B. Knee, Esquire
February 8, 2005
Page 4                                              Re:   Kincaid Enterprises, Inc.


    (b)   Kincaid Enterprises, Inc. agrees to discharge wastewater from its facility only after sampling analysis confirms that the wastewater meets the effluent limitations contained in its permit.

  10.  **FINAL DISPOSITION.**  The matter of sentencing is within the sole discretion of the Court.  The United States has made no representations or promises, and will make no recommendation, as to a specific sentence.  However, the United States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Address the Court with respect to the nature and seriousness of the offense;

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of defendant ;

    (f)   Advise the Court concerning the nature and extent of defendant's cooperation; and

    (g)   Address the Court regarding the issue of defendant's acceptance of responsibility.


_____       \_\_\_2-18-2005_____
KINCAID ENTERPRISES, INC.                            Date Signed
Defendant
By: Ronald E. Kincaid
   Its: V. President


_____       \_\_\_February 18, 2005\_\_\_
LEONARD B. KNEE                                      Date Signed
Counsel for Defendant

Leonard B. Knee, Esquire
February 8, 2005
Page 5                                      Re:   Kincaid Enterprises, Inc.


11.  **VOIDING OF AGREEMENT**.  If either the United States or defendant violates the terms of this agreement, the other party will have the right to void this agreement.  If the Court refuses to accept this agreement, it shall be void.

12.  **TERMINATION OF PROSECUTION**.  The conviction and final disposition of Kincaid Enterprises, Inc. pursuant to the plea agreement will conclude the prosecution of Kincaid Enterprises, Inc., its officers, directors, agents, and employees by the United States in the Southern District of West Virginia for violations of 33 U.S.C. § 1319(c)(1)(A) occurring on or about November 28, 2001 and between March 6, 2002 to March 13, 2002, occurring at Kincaid Enterprises, Inc.'s Nitro, Kanawha County, West Virginia facility.

13.  **ENTIRETY OF AGREEMENT**.  This written agreement constitutes the entire agreement between the United States and defendant in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against defendant in any Court other than the United States District Court for the Southern District of West Virginia.


_____          2-18-2005
KINCAID ENTERPRISES, INC.                  Date Signed
Defendant
By: Ronald E. Kincaid
    Its: V. President

_____          February 18, 2005
LEONARD B. KNEE                            Date Signed
Counsel for Defendant

Leonard B. Knee, Esquire
February 8, 2005
Page 6                                    Re:   Kincaid Enterprises, Inc.


   Acknowledged and agreed to on behalf of the United States:

                          KASEY WARNER
                          United States Attorney

                By:   *[signature]*
                        SUSAN M. ARNOLD
                        Assistant United States Attorney

SMA:das

I hereby acknowledge by my signature at the bottom of each page of this six-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.

_[signature]_                                   2-18-2005
KINCAID ENTERPRISES, INC.              Date Signed
Defendant
By: RONALD E. KINCAID
   Its: V. President

_[signature]_                                   February 18, 2005
LEONARD B. KNEE                            Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                    Criminal No. _____

                      33 U.S.C. § 1319(c)(1)(A)

**KINCAID ENTERPRISES, INC.**

## I N F O R M A T I O N

The United States Attorney Charges:

1.  Kincaid Enterprises, Inc. was a corporation established under the laws of the State of West Virginia which operated a pesticide manufacturing facility located on an approximately 6 acre site in Nitro, West Virginia. From 1980 until November 1998, Kincaid Enterprises, Inc. produced the insecticide methoxychlor, the fungicide chlorneb, as well as, other pesticides.

2.  At all relevant times, Kincaid Enterprises, Inc. was obligated to undertake corrective action and to treat groundwater beneath its site that was contaminated with methoxychlor, chlorobenzene, and other chemicals. Pursuant to a National Pollution Discharge Elimination permit (the "Permit") issued by the West Virginia Department of Environmental Protection ("DEP"), Kincaid was authorized to discharge the treated groundwater to the Kanawha River, so long as those discharges complied with the effluent limitations contained in the Permit.

3. At all relevant times, the Permit established a permit limit of 1 "acute toxicity unit" (TUa) for Kincaid Enterprises, Inc.'s effluent.

4. From in or about March 6 to March 13, 2002, at or near Nitro, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant KINCAID ENTERPRISES, INC. did negligently discharge and cause to be discharged a pollutant, that is, approximately 44,840 gallons of wastewater, from a point source into the Kanawha River, a water of the United States, which wastewater had a TUa of 8.2, in violation of the terms and conditions of the Permit.

In violation of Title 33, United States Code, Section 1319(c)(1)(A).

                                     UNITED STATES OF AMERICA

                                     KASEY WARNER
                                     United States Attorney

By: _____

                                     SUSAN M. ARNOLD
                                     Assistant United States Attorney

Date Filed: _____

"Plea Agreement Exhibit A"

# Minutes of a Special Meeting of the Board of Directors of Kincaid Enterprises, Inc.

A special meeting of the Board of Directors of Kincaid Enterprises, Inc., a West Virginia corporation, was held at the offices of the corporation on January 17, 2005.

The following members of the Board of Directors attended: R. Eugene Kincaid, Anne Kincaid, Brian S. Kincaid, and Ronald E. Kincaid.

A quorum of the Directors of the corporation being present at the meeting, upon a report of the officers of the corporation concerning the following matter before the Board, and on the advice of the corporation's legal counsel, Leonard B. Knee, Esq., the following resolution was adopted by the Directors:

**WHEREAS** the corporation wishes to resolve certain criminal misdemeanor charges brought against it by the United States of America,

**NOW THEREFORE, BE IT**

**RESOLVED** that the corporation will plead guilty to a misdemeanor violation of 33 U.S.C. § 1319(c)(1)(A) (Clean Water Act) pursuant to the final agreement between the United States Attorney for the Southern District of West Virginia and the corporation after review by the corporation's legal counsel, Leonard B. Knee, Esq.

**IT IS,**

**FURTHER RESOLVED** that the officers of the corporation are authorized and directed to execute any and all necessary documents in connection therewith on behalf of the corporation.

There being no further business before the Board of Directors of the corporation, upon motion duly made, seconded and unanimously approved, the meeting was adjourned.

_[signature]_
SECRETARY FOR
KINCAID ENTERPRISES, INC.

1

The Board of Directors of Kincaid Enterprises, Inc., by their signatures below, hereby waive any and all right to prior notice of the Special Meeting of the Board of Directors held January 17, 2005 at the office of the corporation, They furthermore attest to having read and approved of the attached minutes of said meeting and hereby ratify any and all actions taken by the Board of Directors at said meeting.

**DIRECTORS:**

_____  Date: ___/___/___
R. Eugene Kincaid

_____  Date: ___/___/___
Anne Kincaid

_____  Date: 1/21/05
Brian S. Kincaid

_____  Date: 1/24/05
Carol A. Colton

_____  Date: 1/21/05
Ronald E. Kincaid

2